IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BENJAMIN McBROOM,<br>     Plaintiff,<br><br>v.<br><br>MARK LANDERS, *et al.*,<br>     Defendants. | Case No. 3:22-cv-03073-JEH |

**Order**

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. 86) of the Court's Order (Doc. 83) resolving six motions to compel discovery filed by Plaintiff, to which Defendants have filed a Response (Doc. 88). Also pending before the Court are two miscellaneous motions (Docs. 77, 82) filed by the parties.

**I**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A motion to reconsider 'is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.'" *Pruitt v. Personal Staffing Group*, LLC, 2021 WL 197399, at *1 (N.D. Ill. Jan. 20, 2021), *quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). "This is because the court's orders are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Pruitt*, 2021 WL 197399, at *1, *quoting Geraty v. Village of Antioch*, 2015 WL 127917, at *3 (N.D. Ill. Jan. 8, 2015).

Further, the Court reiterates that a district court exercises significant discretion

in ruling on motions to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny such a motion in whole or in part. *Id.* In exercising its discretion, the district court may deny discovery to protect a party from undue burden. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998).

First, the parties agree that the Court's prior Order (Doc. 83) contained a typographical error on page 14, in which the Court summarized a discovery response by Defendants indicating that Pastor Palmer told Defendant Landers that "W.K.S. was not a clergy member with his church" when in fact Defendants had responded that Palmer told Landers that Plaintiff *was* a clergy member. Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the prior Order (Doc. 83) is hereby corrected to strike the word "not" from that portion of the Order on page 14. Neither party argues that this typographical error impacts any rulings on the merits of the motions to compel.

As to Plaintiff's request for the recording of his clergy visit with W.K.S. on July 17, 2021, Plaintiff alleges in his Motion for Reconsideration that this visit was recorded in "some surreptitious manner DIFFERENT from the normal recording system used by CPC" and therefore cannot be obtained by a subpoena to CPC. Regardless of this additional factual context, the Court correctly held in its Order that Plaintiff was not entitled to discovery regarding recording of this or other clergy visits not only because Plaintiff had not stated any claim against CPC but also because none of Plaintiff's claims in this case arise out of the monitoring of his communications with clergy.

Third, Plaintiff disagrees with the Court's denial of his request to compel a response to an interrogatory seeking information regarding how or whether his cellmate was "similarly situated" to him. Plaintiff's request that the Court reconsider this ruling is moot, given that Defendants have, in their Response, confirmed that they in fact answered discovery on this issue, including providing an explanation to Plaintiff regarding why Plaintiff, rather than his cellmate, was chosen for a transfer. Plaintiff's disagreement with Defendants on the legal characterization of his cellmate

as "similarly situated" (or not) is not the basis for a motion to compel or a motion for reconsideration. Disagreement on that issue, if relevant to a resolution on the merits, may be raised in a dispositive motion or at trial.

Fourth, Plaintiff asks the Court to reconsider its denial of Plaintiff's motion to compel production of "communications with the Logan County State's Attorney or other counsel for Defendants[.]" The Court correctly denied that request, given that the Federal Rules provide only for "discovery regarding any *non*privileged matter that is relevant to any party's claim or defense…." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Finally, the Court had ordered Defendants to clarify certain discovery responses, including their response to request to admit 33. Plaintiff asks that the Court reconsider and instead deem request 33 to have been admitted. As the Court noted in its prior Order, the motions to compel related to extensive discovery: Plaintiff had served 295 requests to admit followed by an additional 80 requests to admit, not accounting for other forms of written discovery (interrogatories, requests to produce) served by Plaintiff. Defendants continue to maintain that request 33 did not provide sufficient information (specifically, a relevant date) for them to answer with either a certain admission or denial, as originally propounded.

The Court properly ordered Defendants to supplement their response to request 33 in order to comply with the requirement to "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The Court did not deem the request admitted given the burdensome volume of written discovery propounded by Plaintiff, and the apparent efforts of counsel for Defendants to nevertheless respond accurately and completely. The Court issued the prior Order keeping in mind that the scope of discovery takes into account the "burden or expense of the proposed discovery" and whether requests are "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Likewise, the Court agrees with the observations of one Senior U.S. District Judge with the Northern District of Illinois regarding

discovery, particularly in cases with extensive discovery:

> The discovery process in federal court is, ultimately, a balancing act. The likelihood that relevant evidence will be discovered has to be balanced against the expense and effort occasioned by the discovery. It is not about finding the last of all relevant materials, regardless of expense and effort…. Generally, however, we are convinced that litigants, represented by ethical counsel, recognize their obligations and act accordingly.

*Trading Technologies International, Inc. v. eSpeed,Inc.*, 2006 WL 2506293, at *1 (N.D. Ill. July 18, 2006).

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 86) is GRANTED, pursuant to Fed. R. Civ. P. 60(a), as to the typographical error on page 14 of the prior Order (Doc. 83), and is otherwise DENIED.

## II

Defendants have filed a Motion to Correct Typographical Error (Doc. 77) relating to their pending Motion for Summary Judgment (Doc. 75). Specifically, undisputed material fact 296 from Defendants' summary judgment motion incorrectly identifies Plaintiff as "Morris" rather than "McBroom." Defendants ask for leave to correct that error and ask that the Court and Plaintiff take notice that undisputed material fact 296 relates to Plaintiff, instead of "Morris."

Plaintiff did not file any response in opposition, and the Court finds good cause exists to grant Plaintiff's Motion to Correct Typographical Error.

## III

Plaintiff has filed a Notice of Address Change and Motion for Miscellaneous Relief (Doc. 82). The Clerk of Court has updated Plaintiff's address to reflect the change of address listed in that Notice. As for Plaintiff's Motion for Miscellaneous Relief, Plaintiff asks the Court to take notice that since his transfer in August 2024 he has not had full law library access and does not have access to a computer or typewriter to file typewritten motions. Plaintiff also indicates that he cannot currently file evidence of his efforts to obtain representation, because he does not have access

to his legal paperwork at this time.

The Court will take notice of the representations contained in Plaintiff's filing (Doc. 82). However, to the extent that Plaintiff is seeking some form of relief as it relates to law library access or appointment of counsel, these requests are denied at this time.

Even if Plaintiff has made efforts to obtain representation that satisfy the first, threshold requirement under *Pruitt*, the Court finds that Plaintiff does not require counsel at this time. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (district court is to inquire (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether the plaintiff appears to be competent to litigate it himself).

Plaintiff timely filed a response to the pending summary judgment motion on July 15, 2024, before his subsequent transfer and the alleged issues accessing legal materials. The Court subsequently granted Plaintiff leave to file an amended response *only* in the limited circumstances in which he had "identif[ied] any supplemental discovery responses that he, in good faith, believe[d] warranted an additional response to the pending summary judgment motion." (Doc. 83, at 17). Plaintiff was not required to file any supplemental response and may stand on his prior Response (Doc. 78).

In addition, Plaintiff's filings since his transfer in August 2024 have demonstrated his continued competency to litigate this case himself.

The summary judgment motion is now fully briefed and Plaintiff need not conduct additional legal research or filings while the Court reviews that motion and enters its ruling. Therefore, Plaintiff has not demonstrated the need for appointment of counsel at this time. Should this case proceed to trial following resolution of the summary judgment motion, the Court will consider a renewed request by Plaintiff for counsel.

## IV

For the foregoing reasons, Plaintiff's Motion for Reconsideration [86] is GRANTED as to the typographical error on page 14 of the prior Order [83] and is otherwise DENIED.

Defendants' Plaintiff's Motion to Correct Typographical Error [77] is GRANTED.

Plaintiff's Notice of Address Change and Motion for Miscellaneous Relief [82] is GRANTED insofar as the Court takes notice of the information contained therein. Plaintiff's request for counsel is DENIED, without prejudice.

*It is so ordered.*

Entered on May 14, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE