Scanned at Pinckneyville CC and e-mailed
Wednesday, 22 April, 2026  03:41:49 PM

E-FILED

4/22/26   by  CB   4  pages
Date        Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

Benjamin McBROOM                        No. 22-cv-3073-JEH

v.                                      Hon. Jonathan E. Hawley,
                                            District Judge
Mark LANDERS, et al.

MOTION TO RECONSIDER [112] & [108]

Plaintiff BENJAMIN McBROOM, pro se, respectfully requests the Court reconsider the partial denial of his request for copies of documents for the following reasons:

THE COURT MISSTATED OR MISAPPREHENDED KEY FACTS

Per the Court's text order [Doc. 112], "it is not clear wehter all documents contained [in the record] will be relevant to the Plaintiff's appeal, and the affidavit Plaintiff provided is from February 2026 with no further clarification as to whether prison officals have located his legal property." However, the Motion [Doc. 111] itself clearly states that these two boxes of legal paperwork "have never been returned," and that "in the last week or so has IDOC now cleaimed that these boxes are 'lost'.₂." The Plaintiff was not required to put this in a new affidavit, and his representations in his Motion should have sufficed to show the COurt the continuing nature of this prejudicial deprivation of crucial legal documents.

THE COMPLAINT IS NECESSARY

The Court's Order dismissing this case relied in part on the supposed fact that Plaintiff did not establish Commerce Clause jurisdiction based on the facts in his Complaint, as far as RLUIPA monetary damages. The Plaintiff nedds the COmplaint in order to paoint to specific facts in the COmplaint that show Defendants' retaliatory changes to clergy visiting and phone policies, which were NOT dismissed in the MRO, caused him to be charged fees for use of Interstate intruments (phone lines), which were collected through a Kentycky-based company (CPC), and recorded using Internet-based protocols. His COmplaint also alleged other violations of Interstate Commerce related relgious freedom, such as banning non-local clergy from visiting, and this caused Jeff Collins (an iteinerant minister) nto to come visit himn for religious counseling. Other retaliatory visiting policies in the COmplaint or established in discovery incl=uded requiring communion sets to be purchased in bulk (from out-of-state suppliers) and donated to the jail, preventing Plaintiff from receiving DVDs of Internet-based services that the

Faith Assembly Church produced, etc. Plaintiff has not seen the COmplaint in over 4 months, and cannot make factual representations as to its specific ocntects without a copy of this crucial document.

## DEFENDANTS' SUMMARY JUDGMENT MOTION AND EXHIBITS ARE NEEESSARY

It should be obviuos that appealing the dnismissal of a complaint at Summary Judgment will require a copy of the Defendants' motion and exhibits, as well as th eCourt's Order, because the Court's Order inaccurately recited certain facts, and misread the Deposition transcript (for instance, taking Plaintiff's statement that his transfer toDCJ was a retaliation claim, rather than a RLUIPA claim, as a statemetnt that the transfer did nto involve his protected religious exercise, when it was clear from the context what th ePlaintiff was saying, and he stated a valid claim in this regard).

## DOCUMETNS RELATED TO REQUESTS FOR EXTENSIONS OF TIEM ARE NCESSARY

Where the Plaintiff alleges on appeal tha tht eCOurt should have granted him additional extensions, he needs copies of his own motions for extenstino, and any exhibits/affidavits attached thereto. He also needs a copy of his "Rihie59(d) Response" in order to show that it was NOT a substantive response and it should have been clear tothe Court that a substantive response was still lacking. (Plaintiff is going off membuy that this was a "RUle 59(d)" res-ponse, and the docket entry does not relfect the title of this Response...this should show the Plaintiff will be prejudiced if he cannot even makénthis basis argument for IFP stattus, that his Response was to be construted only as a request for an extension, under the RUles.) Plaintiff's motions should have identified his disablity and the need for an extension wíth sowrn factual support; Plaintiff merely presumes he ddd so, but cannot argue this without copies of those motions.

## DISCOVERY PROFFERS BY DEFENDANTS ARE NECESSARY

In order to show prejudice -- that, given enough time to respondéé substantively, the Plaintiff could have refuted Deftendants' UBF and defeated this motion -- the Plaintiff will need key documents from discovery, áncluding the deposition transcripè, but also, for insta-nce, the VERY FIRST PAGE of discovery, which is a grievance in which the Plaintiff clearly identified the religious exercises that were being obstructed, and requested relief from such policies. The Defendants falsely claimed in their USF that the Plaintiff never told

2

the Defendants that his religious exercises were being oppressed, but this can be clearly refuted with documents. Additionally, there are EMAILS in the discovery that clearly show that Defendants WERE aware that other inmates were getting "Free and unmmnitored" calls with non-attorneys, both clergy andd otehrwisel, for OVER A YEAR before the Plaintiff's grievance suddenly precipitated a polcy change resultikng in him being charged fees for calling clergymen, which establishes Plaintiff's retaliation claims. These are curcial issues that the Plantiff, due exclusively to his non-accommodated disability, was not able to respond to in the Summary Judgemnet exhhange, and woudl in fact have entitled him to SUmmary Judgment on certain issues, based on Defendatns' own evidence.

## THE IFP STAGE IS NOT INSIGNIFICANT

Althoughthe pro se plaintiff has limited experience with IFP appeals the the Seventh Circuit, he believes he should support his appeal with CITATIONS and SPECIFIC EVIDENCE to show he has arguable claims and that he has been prejudiced. Plaintiff does not believe the Court of Appeals should have to "scour the record" for support based on Plaintiff's vague recollections of his past filings or those of the Defendants, nor that the Seventh Circuit should be denied support from discovery documents about what might have been introduced had he had more time for a substantive response to summary judgment. Plaintiff MIGHT be able to support some of this with an affidavit, bu tdue to the compdexity of th e case and the time tha thas since passed, he does not wish to make any factual misrepresentations, however slight, to the COurt.

The SEventh Circuit has granted the Plaintiff several extensions in order to allow him to seek to replace his missing paperwork, and due to his disability, which ocntinues to suffer insufficient accommodation in IDOC. Plaintiff is indigent and has nol way or order any o fhe documents he needs. Plaintiff is also being prejudiced by delay, because as the Court may be aware, the pending SCOTUS case of Landor v. LA DOC concerns RLUIPA monetary damages under the SPending CLause, and the grant of cert in that case means an arguemnt can reasonably be made that RLUIPA does allow for damages, individual-capacity, under the Spending Clause, let alone the Commerce Clause. (Perhaps the Court should reconsider its denial of IFP status on this basis alone.) Should SCOTUS rule in th enegative, this "arguable" basis would disappear, so the Plaintiff will be prejudiced by further delays in making his IFP appeal to CA7.

3

WHEREFORE, the Court should reconsider and order Plaintiff to have, at a minimum:

(1) the Complaint (Amended Complaint, d/e/3)
(2) each of his Motions for Extension of Time, with Exhibits
(3) Defendants' SUmmar&y Judgemnetn Motion, with Exhibits (/de 75)
(4) Plaintiff's Response to Summjary Judgment (d/e 78)

and should order Defendnats to provide Plaintiff with all discovery/BATES proffers; and finally shuld RECONSIDER denying IFP status on appeal due to the pendency of Landor v. LA, 82 F.4th 337 (5th Cir. 2023), cert. granded, 145 S.Ct. 2814 (Mem).

E-File 4/21/26

Benjamin McBrown